# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **TREY L. MILLER** | **CASE NO. 2:17-CV-01063** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LENARD ENTERPRISES, LLC** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Memorandum in Support of Request for Attorney's Fees [doc. 29] filed by plaintiff Trey L. Miller, following this court's award of summary judgment on his Fair Labor Standards Act suit. Defendant Lenard Enterprises, LLC has filed no response and its time for doing so has passed.

## I.
### BACKGROUND

Plaintiff brought suit in this court against defendant, his former employer, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* He alleged that he was a non-exempt employee and was owed overtime compensation during the time he was employed by defendant, from March 2015 to May 2017. Doc. 1. On plaintiff's unopposed motion for summary judgment[1], this court found that defendant had violated the FLSA and that plaintiff was entitled to unpaid overtime wages and liquidated damages in a total amount of $94,108.12. Docs. 27, 28.

---

[1] Defendant was initially represented by counsel in this matter, but counsel withdrew before the motion for summary judgment was filed.

Along with his motion for summary judgment plaintiff also requested an award of costs and attorney fees under the FLSA. He supported this request with an invoice from his attorney. The court held that plaintiff was entitled to such an award, but that the proper amount could not be determined on the evidence submitted. Accordingly, it ordered supplemental briefing from plaintiff and allowed additional time for defendant to file a response. Plaintiff has submitted his briefing, but the court has received no response. Plaintiff's contentions are thus regarded as unopposed.

## II.
## LAW & APPLICATION

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff . . . , allow a **reasonable** attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). Courts use the lodestar method to calculate such an award, multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate based on the market for that work in the community. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The lodestar is presumptively reasonable but may be adjusted due to one or more of the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Black v. SettlePou P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Accordingly, the court first determines the appropriate lodestar and then whether a departure is warranted.

## A. Lodestar Calculation

### 1. Hourly rate

As indicated above, the first step in ascertaining the lodestar is determining counsel's reasonable hourly rate. This rate is the market rate for similar services by similarly trained and experienced attorneys in the relevant legal community. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The relevant legal community is generally the judicial district where the case is tried[2] – here, the Western District of Louisiana – rather than the particular division. *Comar Marine Corp. v. Raider Marine Logistics, LLC*, 2016 WL 99208, at *4 (W.D. La. Jan. 7, 2016). "An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested." *Pickney v. Strategic Restaurant Acquisition Co., LLC*, 2017 WL 1821125, at *2 (W.D. La. May 4, 2017) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)). The reasonable hourly rate for a community may be established based on the affidavits of other attorneys practicing there. *Id.* (citing *Thompson v. Connick*, 553 F.3d 836, 867–68 (5th Cir. 2008)).

Plaintiff's counsel is James Sudduth, an attorney who specializes in employment law and practices in this district. For the purposes of this request, Mr. Sudduth bills himself at a rate of $250/hour, associate attorneys Kourtney Kech and Erin Abrams at a rate of $200/hour, and paralegals and law clerks at a rate of $125/hour. Mr. Sudduth avers that the

---

[2] Under certain limited circumstances, out of district counsel may be entitled to the rates charged in their home districts. *McClain v. Lufkin Indus. Inc.*, 649 F.3d 374 (5th Cir. 2011).

regular rates for these individuals are $350/hour, $250/hour, and $150/hour, respectively, but that he has voluntarily reduced their rates after consultation with other attorneys on prevailing rates in the community. Doc. 29, att. 4. He provides affidavits from local attorneys Scott Scofield and James R. Morris, who attest to Mr. Sudduth's ability and the reasonableness of the reduced rates. Doc. 30; doc. 29, att. 2. Mr. Scofield, however, expresses that the rates are on the "upper end of reasonable." Doc. 30, ¶ 7. This court has typically applied lower rates for paralegals. *See, e.g.*, *Fontenot v. Safety Council of Southwest La.*, 2018 WL 4326477, at *6 (W.D. La. Sep. 10, 2018) (noting an average hourly rate of $96.50 for paralegals in Southwest Louisiana, with a range of $75 to $100 per hour); *Latiolais v. Griffith*, 2015 WL 4253976, at *5 (W.D. La. Jul. 13, 2015) (reducing paralegal rate from $85/hour to $65/hour). A rate of $125 to $130/hour has been approved, however, where the fee-seeking party produces some evidence that it is aligned with prevailing market rates and the opposing party does not object. *Hefren v. Murphy Expl. & Prod. Co., USA*, 2015 WL 5099133, at *6–*8 & n. 3 (W.D. La. Jan. 20, 2015). In the absence of any opposition from defendant, the court will therefore approve the above rates for this case, including $125/hour for paralegal work.

2. *Hours expended*

To arrive at the lodestar, the court multiplies the approved hourly rates by the number of hours reasonably expended on the case. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). A plaintiff seeking attorney fees has the burden of showing the reasonableness of the hours billed. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). One aspect of this factor is the exercise of billing judgment by

counsel. *Black*, 732 F.3d at 502. Accordingly, the fee applicant should submit documentation of the hours charged as well as those written off as unproductive, excessive, or redundant. *Saizan*, 448 F.3d at 799. If the court finds that the fee-seeking attorney failed to exercise billing judgment, it may reduce the hours awarded by a percentage or conduct a line-by-line analysis of the time report. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Green v. Admins. of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002).

In this determination the court should distinguish between clerical and legal work and ensure that the two are compensated at different rates. *Walker v. U.S. Dep't of Housing and Urban Dev.*, 99 F.3d 761, 770–71 (5th Cir. 1996). "The hourly rate for attorneys should not be applied to clerical, secretarial, or administrative work, since these are part of office overhead." *In re Enron Corp. Securities, Derivative & ERISA Litig.*, 586 F.Supp.2d 732, 756 (S.D. Tex. 2008). Work by paralegals may only be recovered to the extent that it is similar to the work performed by attorneys; a paralegal's performance of administrative or clerical tasks is also an unrecoverable overhead expense. *Id.*

Mr. Sudduth has reduced his own time by 1.2 hours for the purposes of this request, but otherwise relies on the hours charged on his firm's invoice. *See* doc. 29, att. 1. The court notes 4.1 hours in paralegal time and 0.2 hours in associate attorney time billed for clerical/administrative tasks such as calendaring dates, saving electronic filing notices to the server, and forwarding documents via email.[3] The court does not consider these hours

---

[3] The court also notes 10.7 hours of paralegal time and 3.2 hours of lead counsel time spent preparing a motion for default judgment [doc. 3], which was summarily rejected by the court because plaintiff had improperly attempted to serve the in-state defendant through certified mail. Doc. 29, att. 1. "When using the lodestar method to award attorney's fees, courts routinely deduct time spent on unsuccessful, unfounded, or unnecessary pleadings, motions and memoranda." *White v. Imperial Adjustment Corp.*, 2005 WL 1578810, at *11 (E.D. La. Jun. 28, 2005). Given the

to be reasonably expended and will deduct these from the total requested (15.4 hours by lead counsel[4], 63.6 hours by associate counsel, 34.1 hours by paralegals and law clerks). The court finds no issue with the costs charged, in the amount of $684.17. Accordingly, the lodestar for this matter is calculated as follows:

| CATEGORY | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Lead Counsel | 15.4 | $250/hour | $3,850 |
| Associate Counsel | 63.4 | $200/hour | $12,680 |
| Law Clerk & Paralegal | 30.0 | $125/hour | $3,750 |
| Hard Costs | | | $684.17 |
| Total | | | **$20,964.17** |

## B. *Application of Johnson Factors*

The court next reviews the *Johnson* factors cited above to determine whether a departure from the lodestar is warranted. The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. 488 F.3d at 717–19. The factors relating to complexity of the issues, results obtained, and preclusion of other employment are fully reflected and subsumed in the

---

voluntary reduction in rates and the heavy reliance on paralegal and associate work, as well as the proportionality of the lodestar to the degree of success obtained, the court will not deduct the hours on this occasion.

[4] This amount includes ten hours spent preparing the instant request.

lodestar calculation. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). Finally, since *Johnson* the Supreme Court has barred consideration of the sixth factor. *Walker*, 99 F.3d at 772 (citing *City of Burlington v. Dague*, 505 U.S. 557, 565 (1992)).

The district court may enhance or decrease the amount of attorney fees awarded based on the balance of the remaining factors. *Black*, 732 F.3d at 502. Enhancements, however, are permitted only in "rare and exceptional circumstances." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). The Court has emphasized that "unjustified enhancements that serve only to enrich attorneys are not consistent with the . . . aim" of fee-shifting statutes. *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 393 (5th Cir. 2016) (quoting *Perdue*, 559 U.S. at 559). Accordingly, "excellent results should usually result only in 'a fully compensatory fee'—the lodestar." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

Plaintiff argues that the amount of attorney fees should be increased due to the degree of success obtained. Plaintiff's counsel has obtained a sizeable award for his client and succeeded on almost every aspect of his claim. That award was made, however, pursuant to an unopposed motion for summary judgment. Plaintiff fails to show any circumstance not taken into account by the lodestar calculation that would make this case one of the select few in which an enhancement is warranted. The lodestar calculated above meets the purpose of FLSA's fee-shifting provisions and adequately compensates plaintiff's counsel for the time and risk expended on this case.

# III.
## CONCLUSION

For the reasons stated above, plaintiff is entitled to an award of attorney fees and costs in the amount of $20,964.17, in addition to the $94,108.12 owed in compensatory and liquidated damages.

**THUS DONE AND SIGNED** in Chambers on this 9th day of December, 2019.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**